IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO.: 3:16-cv-369-CDL-GMB ) |
| THE LISLE COMPANY, *et al.*, | ) ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 34. Before the court is Plaintiff The Cincinnati Insurance Company's Motion for Entry of an Order Dismissing Claims Against David O'Brien and Amanda O'Brien Without Prejudice. Doc. 31. For the reasons stated herein, the Magistrate Judge RECOMMENDS that Plaintiff's motion (Doc. 31) be GRANTED, and that all claims asserted against Defendants David O'Brien and Amanda O'Brien be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

## **I. BACKGROUND**

The Cincinnati Insurance Company ("CIC") filed this action on May 23, 2016 against Defendants The Lisle Company ("Lisle Company"), Terrell Lisle, Sr., Sabra Lisle, Terrell Lisle, Jr., Elizabeth Lisle, David O'Brien, Amanda O'Brien, and Jared Martin. Doc.

1. CIC alleges that the individually named defendants (collectively designated in the complaint as the "Indemnitors") jointly agreed to exonerate, indemnify, and keep CIC indemnified from any and all liability incurred in connection with certain surety bonds CIC issued on behalf of Lisle Company. Doc. 1. CIC seeks a judgment against the individually named defendants for an alleged breach of that agreement, and against Lisle Company for the reimbursement of all losses suffered as a result of having issued the surety bonds.

CIC has moved to dismiss all claims against Defendants David O'Brien and Amanda O'Brien because the "O'Briens are not necessary or indispensable parties in this action." Doc. 31 at 2. On November 7, 2016, the court issued an order directing any party to show cause as to why CIC's motion should not be granted. Doc. 35. To date, no party has expressed opposition to the dismissal of the O'Briens from this lawsuit.

## II. DISCUSSION

Rule 41(a) of the Federal Rules of Civil Procedure enables a plaintiff to voluntarily dismiss an action without prejudice. *See* Fed. R. Civ. P. 41(a). A plaintiff may voluntarily dismiss an action without seeking leave of court as long as the defendant has not filed an answer or a motion for summary judgment. Fed. R. Civ. P. 41 (a)(1). If a defendant has filed an answer, as the O'Briens have here, *see* Doc. 14, the defendant must seek leave of court, and the action may be dismissed "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

District courts have "broad discretion" in determining whether to grant a plaintiff's request for a voluntary dismissal. *Arias v. Cameron*, 776 F.2d 1262, 1268 (11th Cir. 2015). "Generally speaking, a motion for voluntary dismissal should be granted unless the

defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." *Id.* (internal citations omitted).  The court is directed to consider the interests of the defendant when making its decision, and "should also weigh the relevant equities and do justice between the parties in each case." *Id.* (internal citation omitted).

Here, there is nothing in the record before the court to suggest that the O'Briens will suffer any legal prejudice aside from the prospect of a second lawsuit.  Moreover, the court provided the O'Briens, as well as any other party, an opportunity to express any opposition CIC's desire to dismiss the O'Briens from this suit.  No party offered any opposition.  Thus, absent any showing of prejudice, the court recommends that CIC's motion for voluntary dismissal pursuant to Rule 41(a)(2) be granted.

### III.  CONCLUSION

It is therefore the RECOMMENDATION of the Magistrate Judge that Plaintiff's motion for voluntary dismissal (Doc. 31) be GRANTED, and that all claims asserted against Defendants David O'Brien and Amanda O'Brien be DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

It is further ORDERED that the parties shall file any objections to this recommendation **on or before December 21, 2016**.  Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which an objection is being asserted.  Frivolous, conclusive, or general objections will not be considered by the district court.  The parties are advised that this report and recommendation is not a final order of the court, and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in

4

the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues addressed in the report and recommendation, and shall bar the party from attacking on appeal factual findings in the report and recommendation that are accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

    DONE this 7th day of December, 2016.

                                                    /s/ Gray M. Borden
                                     UNITED STATES MAGISTRATE JUDGE