IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| THE CINCINNATI INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.: 3:16-cv-369-CDL-GMB |
| THE LISLE COMPANY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 34. Before the court is Plaintiff Cincinnati Insurance Company's Motion for Default Judgment Against Defendants Terrell Lisle, Sr. and Sabra Lisle. Doc. 49. For the reasons that follow, the undersigned RECOMMENDS that the motion (Doc. 49) be DENIED.

### **I. BACKGROUND**

Cincinnati Insurance Company ("Cincinnati") filed this lawsuit on May 23, 2016, against a host of defendants seeking to recover losses it allegedly incurred in connection with the issuance of surety bonds on behalf of Defendant The Lisle Company ("Lisle Company"). Doc. 1 at 3. Cincinnati alleges that Defendants Terrell Lisle, Sr.; Terrell Lisle, Jr.; Sabra Lisle; Elizabeth Lisle; and Jared Martin each executed indemnity agreements promising to exonerate and indemnify Cincinnati against "any and all liability for losses

and expenses of whatsoever kind" in connection with its issuance of the bonds. Doc. 1 at 3. In August of 2016, Defendants Terrell Lisle, Jr.; Jared Martin; and Elizabeth Lisle all filed answers. Docs. 20, 21, & 25. However, Lisle Company; Terrell Lisle, Sr.; and Sabra Lisle had yet to formally appear in the case by filing an answer or a motion under Federal Rule of Civil Procedure 12. Accordingly, Cincinnati applied for an entry of default against all three, which the Clerk of Court entered on August 24, 2016. Docs. 22 & 26. Eventually, after the court ordered it to secure legal representation, Lisle Company filed an answer on March 16, 2017. Doc. 48. However, Terrell Lisle, Sr. and Sabra Lisle (collectively, "the Lisles") still had not appeared, prompting Cincinnati to file the instant motion for default judgment against them. Doc. 49.

Ultimately, after two hearings and considerable confusion over the meaning of the term "answer," the Lisles each filed an answer on May 16, 2017. Docs. 57 & 58; *see also* Doc. 56 (explaining that the Lisles' good-faith mistake concerning the meaning of the term "answer" constituted excusable neglect, and allowing the Lisles until May 16, 2017 to file either an answer or Rule 12 motion). Thus, all parties have now officially appeared in the lawsuit and, at long last, the case appears to be on a path to resolution. However, Cincinnati's motion for default judgment (Doc. 49) remains pending before the court.

## II. DISCUSSION

Under Rule 55(b)(2) of the Federal Rules of Civil Procedure, a district court may enter a default judgment against a defendant who was properly served and who has failed to defend or appear. Fed. R. Civ. P. 55(b)(2); *see Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015). However, before entering a default judgment, courts

2

frequently consider whether the defendant's failure to answer was caused by good-faith mistake or excusable neglect. *See, e.g.*, *Taylor v. City of Baton Rouge*, 39 F. Supp. 3d 807, 813 (M.D. La. 2014); *J & J Sports Prod., Inc. v. Arboleda*, 2009 WL 3490859, at *2 (M.D. Fla. Oct. 27, 2009). Further, in the Eleventh Circuit, "there is a strong policy of determining cases on their merits," and default judgments are therefore viewed "with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

Based on the Lisles' representations to the court during the April 18, 2017 hearing and their subsequent filings, the court determines that their failure to answer was caused primarily by their good-faith mistake and confusion concerning the litigation process and their responsibilities as defendants. The court does not come to this conclusion lightly, however, and is careful to note that the Lisles are expected to comply with all orders of the court as well as the Federal Rules of Civil Procedure as this case progresses. *See, e.g.*, *Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2009) ("Even a *pro se* litigant is required to comply with the Federal Rules of Civil Procedure, particularly after being expressly directed to do so."). Nevertheless, in light of the Lisles' representations and their eventual appearance by way of answer, and consistent with the Eleventh Circuit's disapproval of default judgments, the court concludes that a default judgment should not be entered against the Lisles in this case.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff Cincinnati Insurance Company's Motion for Default Judgment Against Defendants Terrell Lisle, Sr. and Sabra Lisle (Doc. 49) be DENIED.

3

It is further ORDERED that the parties are DIRECTED to file any objections to this Recommendation on or before **June 1, 2017.** Any objections filed must identify the specific findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 18th day of May, 2017.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE